INHABITANTS - OF SUMNER & als. Petitioners, versus COUNTY COMMISSIONERS OF OXFORD.

*Irregularities* in the proceedings of County Commissioners, which will not prevent one supposing himself aggrieved from obtaining the means of redress, will furnish no authority for issuing the writ of *certiorari*.

A petition for the location of a county road, is sufficiently definite, if it sets forth its *termini*, and the general course between them.

And where *alternative* places are described for the location, *this* furnishes no valid objection to proceedings thereon.

Where *actual notice* has been given to parties interested in the location of a county road, the want of the *statute notice* will not avail to quash the proceedings, unless some right has been lost or some injury suffered by reason of the omission.

The parties interested in the settlement of an agent's account for opening a County road, may be cited to appear at an *adjourned term* of the county Commissioners' Court.

And *such account* may lawfully be allowed at such *adjourned term.*

But the propriety of the allowance of any item in the account cannot on this process be examined.

If no *formal judgment* is found upon the County Commissioners' records of the amount of a distress warrant by them issued, and the sum for which it is issued is properly ascertained, it will not impair their proceedings.

Such omission may be considered as chargeable to their clerk.

The *warrant of distress* issued by County Commissioners is no part of the record to be presented in a writ of *certiorari*.

PETITION for a writ of *certiorari*.

The original petition for the location of the road, signed by Daniel Parsons & als., represented "that a public highway is much needed, commencing near Sharon Robinson's in Sumner, either at or near an angle in the county road, near Joshua Barrow's, Jr., in Hartford, or at both of said points, thence running in such a manner that the road may intersect at some suitable place; and following the valley of the east branch of twenty mile river in a southerly direction, either on the west side or on the east side, or partly on both sides of said stream, as may be most suitable and convenient for making said road, to intersect a road running from Buckfield village, easterly by Nathaniel Shaw's at some points between said Shaw's and Addison G. Cole's, thence westerly to meet the county road recently located from Buckfield village by South pond to Hebron."

This petition was entered at the May term of the Commissioners' court, in 1848, and notice was ordered to be given to all persons and corporations interested, by service of copies of the petition, &c., on the clerks of said towns of Hartford, Sumner and Buckfield, and by *posting up like copies in three public places in said towns*, &c., and by publishing the same in the Oxford Democrat, and a time was appointed to view the route and hear those interested.

On this petition a highway was located partly through the town of Sumner, and return thereof made, dated September term, 1848, describing the different courses and distances, and awarding damages. In their return the commissioners stated, that "at each angle in the aforesaid location, on the

easterly line thereof, we have set a stake marked R, or marked a tree with that letter."

Under this petition, in the Commissioner's docket, at the September term, 1848, was no entry, but the letter C, and barely the same letter under the entry at May term, 1849.

Under the docket entry for September term, 1849, of this petition, were the following entries;—" C. Recorded, book 3, pages 160 to 164.   C.   Proceedings closed."

The record of the Commissioners, of September term, set forth the petition, the order of notice, the location, and concluded thus; " at which term said report was accepted and ordered to be recorded.   This report was then continued from term to term to the present time, when it was ordered that proceedings be closed, and that said road be established as a public highway."

Ebenezer Briggs & als. at the May term, 1849, petitioned for an increase of damages allowed them on this petition, and the report of the committee thereon was recorded with the proceedings of September term, 1850, but as accepted at the January adjourned term of 1850, being an adjournment of the September term, 1849 ; and the order of the Commissioners was, that said report be accepted and recorded as of the September term, 1849.

So much of the way as was located in the town of Sumner, not being opened, E. Phinney & als. entered a petition at the September term of the Commissioners' Court, 1852, being the third day of the month, for the appointment of an agent.   The Court ordered that the clerk of Sumner be served with a copy of petition and order, thirty days before the 12th day of October next, and likewise that copies should be posted in three public places in said Sumner, thirty days at least before said 12th day of October, and the petition was continued to the next October term held by adjournment, from the September term, on October 12, 1852, when it appeared the order had been complied with, and an agent was appointed to open the road.

By the record, the petition of Phinney & als. was contin-

ued to the January adjourned term, 1853, from the December adjourned term, 1852, when the agent returned his warrant with his doings thereon.

Notice was then ordered to be given to the town of Sumner to appear before the Court of County Commissioners, next to be holden at, &c., on the second Tuesday of February, 1853, to show cause, if any they have, why the account of the agent should not be allowed.

On the second Tuesday of February the Court was held, the town of Sumner appeared by their agent, the account for opening of the road was allowed, and at the close of the account, after the amount was added up, was the following:—
" allowed for settlement:—

" To two days attending Feb., adjourned term, proving account, $4 00

" To three days settling account for labor, materials, &c., $6 00."

The amount was not paid, and a distress warrant was issued against the inhabitants of Sumner, *in favor of the county of Oxford*, for the amount allowed at that time for opening the road, which was levied upon the goods of one of the inhabitants of Sumner and satisfied.

The regular terms of the County Commissioners for Oxford, as established by law, are to be held on the second Tuesday of May and the first Tuesday of Sept. yearly.

The petitioners for *certiorari* were the inhabitants of Sumner and Ervin Robinson, William H. H. Briggs and Thomas Bonney, who assigned the following errors:—

1. The original petition of Daniel Parsons and others contains no direct prayer or request to the County Commissioners, but is ambiguous, alternative and conditional.

2. The notice ordered and proved only required that copies of said petition and the order of Court thereon, should be posted up " in three public places in said towns of Hartford, Sumner and Buckfield," whereas by law three such copies should have been posted in *each* of said towns.

3. The said Commissioners did not cause the return of

their doings which was made at the Sept. term of said Court, 1848, to be recorded till more than two years after, to wit: till the winter of 1851, nor did their said report remain upon the files of said Court during said time; nor did they at any time cause to be entered of record, that the original petition upon which their proceedings were founded, was continued until their second next regular session to be held thereafter; nor did they ever at any time make any such order, or cause any record whatever to be made in relation to any such continuance.

4. The said County Commissioners did not continue the original petition from term to term, until a final decision was had on the petition of Briggs and others for increase of damages; but, on the contrary, closed proceedings on the original petition at the regular term of said Commissioners' Court, held in Sept. 1849, while no final decision was had on said petition of Briggs and others for increase of damages until Sept. 1850, a whole year after; nor have said Commissioners, at any time since a final decision was had on said petition for increase of damages, closed proceedings on said original petition or completed the record of their proceedings thereon.

One branch of the fifth error assigned related to facts intended by the petitioners to have been proved, but no proofs were offered; another branch of it related to the appointment of an agent, the allowance of his account, a part of which was alleged to have been done without notice to the town of Sumner, and concluded thus:—"Wherefore your petitioners further pray, that a writ of *certiorari* may issue, to cause the records of the doings of said Commissioners in appointing an agent, allowing his account, and issuing a warrant of distress in behalf of said county of Oxford, against the inhabitants of the town of Sumner as aforesaid, to be certified to, and brought before our Justices of our said Supreme Judicial Court, and that the whole proceedings aforesaid and the records thereof may be quashed."

*Walton*, for petitioners, in support of the errors assigned,

cited for the first, *Commonwealth* v. *Coombs*, 2 Mass. 489; for the second, R. S., c. 25, § 2; for the third, R. S., c. 25, §§ 4 and 5; for the fourth, R. S., c. 25, § 6; *Inhabitants of Cornville, petitioners*, 33 Maine, 237; *Windham, petitioners for certiorari*, 32 Maine, 452.

That no account of an agent to open the road should be allowed without due notice to the town interested, he cited R. S., c. 25, § 40.

That there was an error here, he contended was manifest from the record of the statement of the account. The two last items were added at the time it was passed upon.

It was further objected, that it did not appear of record that any judgment in favor of the agent against the town of Sumner was rendered, or any warrant of distress ordered to issue. *Waldo* v. *Moore*, 33 Maine, 511.

Another objection urged was, that the warrant of distress was illegal, being issued as if a judgment had been rendered in favor of "*the inhabitants of said county of Oxford,*" when no such judgment was, or could be legally entered. The judgment, if any, should have been in favor of the agent.

And furthermore the warrant issued for too much; it included the illegal items in the account, and "*thirteen dollars costs incurred by said county.*" There cannot be either law or precedent for the recovery of costs in a case like this. *Emerson* v. *County of Washington*, 9 Maine, 98.

It was further urged, that although this application was to the discretion of the Court, it was a discretion to be exercised according to the rules of law; that if the rights of a party have been infringed to his detriment, by the erroneous doings of an inferior tribunal, he may justly claim redress; and it will be the duty of a court to afford it to him. That it was not the province of the Court to undertake to presume that it would be wiser for him to submit to the injury, or to conjecture that the public interest would be better promoted by an adjudication against him, and therefore it would not be discreet to relieve him. *Cushing* v. *Gay*, 23 Maine, 9; *Parsonsfield* v. *Lord*, 23 Maine, 511.

*Hastings*, County Attorney, *contra.*

The petitioners must first show a legal error and then go further and declare from that error the injury, and show distinctly that the injury has been received. *Inhabitants of Cushing* v. *Gay & al.*, 23 Maine, 9; *Parsonsfield* v. *Lord & al.*, 23 Maine, 511; *Lee* v. *Child*, 17 Mass. 351; *Strong* v. *County Commissioners*, 31 Maine, 578.

1. The first error assigned is one of form and technicality. Had the petition been as formal and as descriptive as the location itself, in what different condition would the petitioners now find themselves? The whole current of authorities runs against this objection and it is unnecessary to cite them.

2. The record does not show but that the proper notice was given. It is immaterial at this stage of the proceedings what the "notice ordered and proved" was. But if the statute notice was not given, who is injured? The town of Sumner was not, because express notice was given that town through her clerk. Were the other petitioners injured? There is no evidence that the road crossed an inch of their lands. There is no question but all persons interested actually had notice, and their appearance waived the statute notice even if it was not given. *Whately* v. *Franklin*, 1 Metc. 336; *Goodwin* v. *Inhabitants of Hallowell*, 3 Fairf. 271; *Rutland* v. *Worcester*, 20 Pick. 71; *Hancock* v. *Boston*, 1 Metc. 122; *Commonwealth* v. *Westborough*, 3 Mass. 406; *Ex parte Baring*, 8 Greenl. 137.

3. The Act of Feb'y 7, 1852, changed the law in relation to the subject matter of the alleged error. If the petitioners are right in their assumption, I reply that the continuance was *actually* had, and if the proper entry was not made, it is the misprison of the clerk and injured no one. 11 Mass. 417; *North Berwick* v. *York County Commissioners*, 25 Maine, 69; *Inhabitants of Vassalboro'*, *Pet'rs*, 19 Maine, 343; *Ex parte Miller*, 4 Mass. 465.

4. The records do not authorize the statement of this error; but, if well grounded, have Robinson, Briggs or Bon-

ney been injured by it? How? No land of theirs appears to have been crossed by the road. Why should Sumner complain? The road is nearly all completed, and it cannot be of any *interest* to her to have it discontinued. There is nothing in this assignment which will compel the interference of the Court, so far as the establishment of the road is made as a public highway.

As to the items in the account of the agent to which exception is taken, because no notice was given, it is only necessary to call attention to the fact, that at the time at which the same was allowed, the town had notice and appeared by their agent. The other points made by the petitioners, as they do not show any ground of injury, it is. unnecessary to advert to them. It is of no consequence to them, whether the warrant was in favor of the county or of the agent. The same consequences would have followed.

SHEPLEY, C. J. — The petitioners present five alleged errors.

The first is, that the petition containing no direct request is ambiguous, alternative, and conditional.

It should state the places, where the way desired is to commence and terminate, and its general course between them, that all interested may be enabled to judge how far such a way would be useful, and to what extent their interests might be affected. It is not perceived, that a petition presenting alternative places, each accurately described, for the commencement of a way, must necessarily be erroneous.

It does not appear in this case, that the description was so defective that a person would find it difficult to determine what was designed to be accomplished.

The second error alleged is, that it does not appear that the notices were ordered to be, or that they were posted in three public places, in each of the towns named.

The town of Sumner appears to have been notified by service of an attested copy upon its clerk. It does not ap-

pear that the way was laid out over any land owned by Ervin Robinson or Thomas Bonney, or that they were thereby injured. The way does appear to have been laid out to commence within four rods of the house of the only other petitioner, rendering it highly probable, that he must have had actual notice. The petition contains no allegation that either party petitioning had not actual notice, or that either has lost any right or suffered any injury by reason of the insufficiency of the notice given.

The third and fourth alleged errors may be considered in connection. They are in substance, that the proceedings of the Commissioners having been returned to their session, held in September, 1848, were not ordered to be recorded, "till more than two years after;" that the petition was not continued to their next regular session, and that it was not continued from term to term until a final decision was made upon a petition for increase of damages.

The record and docket entries do not appear to have been very accurately or perfectly made; and the counsel do not agree respecting the facts disclosed by them.

The return of the Commissioners bears date of their September term, 1848. The docket entry of that term does not so state. Nor does it state, that any order was made at that term, that their return at that term was accepted and ordered to be recorded. The letter C does appear to have been made upon the docket, under the entry of the petition, indicating that it was continued; and a like entry appears to have been made under it, at their May term, 1849, when a petition appears to have been presented by certain persons, for an increase of damages; and the report of a committee upon that subject, bearing date on September 1, 1849, appears to have been returned to an adjournment of the September term, holden in January, 1850, when as the record states, it was accepted and ordered to be recorded, as of the September term, 1849. Without such an order, the proceedings and record thereof, at the adjournment, would constitute part of those of September term.

The counsel for the petitioners insists, that this order was not made before September term, 1850, and he refers to the fifteenth page of the printed documents in proof of it. There is found on that page a formal entry of the time when the September term, 1850, was holden, and what officers were present, without any entry whatever of proceedings by the Commissioners at that term. The record states, that the report was continued from term to term, "to the present term," using the word "term," if that entry was made at the adjournment, to designate the adjourned session; and it appears to have been so used on other occasions, exhibited in the printed documents.

It does not appear by the record, when the entry was made, that the proceedings be closed and the way be established as a public highway. Upon the docket of the September term, 1849, there appears to have been an entry made under the petition, "recorded book 3, pages 160 to 164." "Proceedings closed." It is not probable that these entries were made during the session. They may be regarded as subsequently made as of that term, and not till after the proceedings on its adjournment in January, 1850, when the report of the committee on the petition for an increase of damages appears to have been made and accepted, and the whole proceedings to have been closed.

The actual course of proceedings, so far as it may be discoverable from the record and docket entries presented, appears to have been; that the return of the Commissioners of the laying out of the road was made at their session in September, 1848; that the petition was continued to their May term, and thence to their September term, in the year 1849; that no order was made that the proceedings be closed until the adjournment of the September term in the month of January, 1850, when such an order was made; that a petition for an increase of damages was presented at May term, 1849; that a committee was then agreed upon, and that a report of its proceedings was presented at an adjournment of the September term, 1849, holden in January,

1850, which was accepted and ordered to be recorded as of September term, 1849, and that all the proceedings respecting the road were then completed and closed.

Provision was made by the second section of the Act approved on February 7, 1852, that no record of any highway in other respects legally laid out shall be quashed, for the reason that the return of the Commissioners shall not have been recorded, before the final close of the proceedings.

There do not appear to have been any such irregularities in the proceedings in this case, as would prevent any corporation, or person thinking himself aggrieved, from having full opportunity to obtain redress according to the course prescribed by law.

The Court is not therefore called upon to grant the writ on account of these errors.

It is admitted, that many of the facts stated under the fifth cause of complaint have not been proved; and that the opening argument was prepared, upon the expectation that they would have been. These and some others, it will not be necessary to notice.

Another objection is made to the record of the proceedings for the appointment of an agent to make and open the road. It is said that one was appointed, before the time allowed for the town to do it had expired. Two years were allowed for this purpose, after the proceedings were closed. As already stated, the proceedings appear to have been actually closed in January, 1850. The petition for the appointment of an agent appears to have been presented at their September term, 1852, when an order was made, that an attested copy thereof, with the order of the Court thereon, should be served upon the clerk of the town, and be posted in three public places in the town, thirty days at least before the twelfth day of October then next, that the town might then appear, and show cause why the prayer should not be granted. At an adjournment of the September term, holden on October 12, 1852, the Commissioners

Sumner *v.* County Commissioners of Oxford.

adjudged, that all the requirements of their order had been complied with, and that an agent should be appointed.

These proceedings appear to have been in conformity to the provisions of the statute, c. 25, § 40. It is said, that the agent made return of his proceedings, and that the town was notified to make its objections to them, when no court was by law holden. The record states, that the petition was continued to an adjourned term, holden in January, 1853, from an adjourned term held in December, 1852. It would follow, that the September term, 1852, holden by adjournment on October 12, 1852, must have been adjourned to December, 1852, and then to January, 1853, when the agent made return of his proceedings. Notice then appears to have been given to the town, to appear at a further adjournment of the same term, holden on the second Tuesday of February, 1853, when the agent's account was allowed. The statute does not require that the Commissioners should act upon such proceedings only at their terms holden without adjournment, at the times prescribed by law.

Objection is made, that no formal judgment was entered of record against the town, for the amount expended to make the road. The amount due, appearing to have been regularly ascertained and adjudged, the proceedings should not be quashed, because a judgment for recovery was not formally entered of record. This may be properly regarded as an omission of their clerk.

The warrant of distress does not constitute a part of the extended record to be presented by the writ prayed for.

This Court, on this process, cannot inquire into the propriety of the allowance of items in the agent's account.

*Writ denied.*

HOWARD, HATHAWAY and CUTTING, J. J., concurred.